5. Pursuant to 28 U.S.C. Section 1391(b), in a case in which jurisdiction is not solely founded

on diversity jurisdiction, such as the present case, venue is proper where the defendant resides

or a judicial district where a substantial part of the events giving rise to the claim occurred,

and venue is proper therefor in the United States District Court, Southern   District of NY.

COUNT I
(VIOLATION OF 42 U.S.C SECTION 1983, MALICIOUS
PROSECUTION)

6. On or about   April 23,   2016, at approximately 1250AM, while plaintiff was lawfully

traversing in and around 131st Street   and 8th Avenue, NY, NY, and was   drinking a

non-alcoholic Sprite drink out   of a cup with ice, he was confronted by the above   defendants

who asked him to "stop right there" although they did not identify themselves as police officers

and which individual   unascertained as above noted, defendants,   were in plainclothes.

7. Plaintiff was wrongfully, intentionally, without probable cause and/or without reasonably

articulable suspicion, arrested for, inter alia,   alleged possession of open container of alcohol in

alleged violated of Administrative Code Section 10-125(b).

8. The criminal case   brought against plaintiff, Docket #2016NY026080, Criminal Court of City

of New York, County of New York, 100 Centre   Street, NY, NY 10013,   was brought willfully,

intentionally, without probable cause,   maliciously, and was favorably terminated on

or about   November 29, 2016, Judge Pak, of the Court... The CPL Section 160.50 executed and

notarized   unsealing authorization is also attached hereto.

9.   The criminal prosecution of plaintiff, an African-American Male was part of a

 municipality implemented policy, statement, ordinance, regulation and/or decision to arrest

and/or   criminally prosecute   individuals, including African-American Males, who

-3-

allegedly committed    alcohol-related   violations in public, , which said policy was officially

adopted   by that body's officers, resulting in constitutional violations herein, and defendant The

City of New York expressly and/or impliedly ratified said conduct herein.

10. As a result of the aforesaid constitutional violation, the plaintiff was caused to sustain loss

of liberty, anxiety, stress and humiliation.

11 Defendants violation of 42 U.S.C. Section 1983, was wilful, and deliberate, wrongful,

intentional, egregious, oppressive and opprobrious, was calculated to and did result in loss of

plaintiff's   liberty   rights, and defendants are therefor   liable for punitive damages.

12. As a result of defendants violation of 42 U.S.C. Section 1983, the plaintiff incurred

reasonable attorney fees and costs.

COUNT II
(VIOLATION OF 42 US.C. SECTION 1983-FALSE ARREST)

13. Plaintiff herewith repeats, restates and realleges Paragraphs 1-12 herein above.

14. Defendants' false arrest of plaintiff, an African-American male, for alleged public

Alcohol-related offenses was part of a municipality implemented policy, custom, practice,

Regulation and/or decision to arrest said individuals for alleged alcohol-related public offenses,

And plaintiff sustained the above injuries and damages as   a result therefor.

WHEREFORE, plaintiff prays   for relief as follows:

AS AND FOR EACH OF THE   FIRST AND SECOND      COUNTS:

1. For damages in the amount of Two Hundred    Fifty   Thousand Dollars and Zero Cents ($250,000.00);

2. For punitive and exemplary damages in the amount of One Million Dollars and Zero Cents ($1,000,000.00);

3. For reasonable attorney fees;