UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TIMOTHY DANIELS,                              :
                                              :
                            Plaintiff,        :
                                              :
            -against-                         :
                                              :
CITY OF NEW YORK; JOHN DOE;                   :
RICHARD ROE,                                  :
                                              :
                            Defendants.       :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 9 2020

MEMORANDUM DECISION
AND ORDER

19 Civ. 3490 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff brings this action against The City of New York (the "City"), "John Doe," and

"Richard Roe" (collectively, "Defendants"), claiming that the City violated his Fourth Amendment

rights by asking Plaintiff to stop and identify a beverage he was carrying, and subsequently arresting

him for possessing an open container of alcohol. (*See* Compl. Against City of New York, "John

Doe," and "Richard Doe" ("Original Compl."), ECF No. 13, ¶¶ 5–6.) The City moves to dismiss

Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

(*See* Notice of Mot. to Dismiss ("Notice of Mot."), ECF No. 29.) Defendant's motion to dismiss

is GRANTED.

## I.    PROCEDURAL BACKGROUND

    Plaintiff first attempted to bring the instant lawsuit on April 19, 2019, when he filed a

deficient initial filing on the docket. (*See* Compl. Against Timothy Daniels, ECF No. 1.)[1]

Subsequently, on May 2, 2019, Plaintiff filed a complaint that complied with this Court's filing

requirements. (*See* Original Compl.) Plaintiff's complaint listed a single claim against

---

[1] This complaint was deficient because it listed Plaintiff as the Defendant in the action. (*See id.*)

Defendants—that is, a violation of his Fourth Amendment rights. (*Id.* ¶¶ 5–7.) Specifically, Plaintiff alleged that on or about April 23, 2016, Defendants John Doe and Richard Roe—two police officers "whose identities are presently unascertained"—stopped Plaintiff while he was walking with a cup of Sprite, and arrested Plaintiff for possessing an open container of alcohol. (*Id.* ¶¶ 2, 5.) The criminal case against Plaintiff was terminated in November of 2016.[2]  (*See* First Am. Compl. ("FAC"), ECF No. 34, ¶ 8; Decl. of Marybeth Allen in Supp. of Def.'s Mot. to Dismiss the Compl., Ex. D (Certificate of Disposition ("Cert. of Disposition")), ECF No. 30 at 19.)

On August 27, 2019, this Court issued a briefing schedule regarding Defendant's motion to dismiss. (*See* Aug. 27, 2019 Order, ECF No. 22.)  On September 18, 2019, approximately one week before a motion to dismiss would have been due, Plaintiff filed a letter motion requesting an extension of time until September 30, 2019 to file an amended complaint, indicating that he intended to add a malicious prosecution claim which "was not expressly pleaded in the subject complaint before the Court." (*See* Pl.'s Sept. 18, 2019 Letter Mot. ("Request to Am."), ECF No. 24.)  In that request, Plaintiff noted that pursuant to the statute of limitations, his ability to bring a claim for malicious prosecution would expire in November of 2019. (*Id.* at 2.)  This Court denied the request without prejudice, granting Plaintiff permission to move to renew the application "with the proposed amended complaint attached if such amendment would not be futile." (Sept. 25, 2019 Order, ECF No. 26.)  Approximately three months later, Plaintiff still had not moved to renew his application, and the City filed a letter requesting that this Court order a revised briefing schedule. (*See* Def.'s Dec. 23, 2019 Letter Mot., ECF No. 27.)  This Court granted that application on December 30, 2019. (*See* Dec. 30, 2019 Order, ECF No. 28.)  On February 14, 2020, pursuant to

---

[2] Plaintiff originally asserted in his original complaint that the underlying criminal case was dismissed in April of 2017. (*See* Original Compl. ¶ 8.)  He later changed that date, stating that the underlying criminal action "was favorably terminated on or about November 29, 2016" by Judge Pak. (FAC ¶ 8.)

the updated briefing schedule, the City filed its motion to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Notice of Mot.)

In response, Plaintiff filed an amended complaint on March 5, 2020.[3]  (*See* FAC.)  The amended complaint included two counts:  (1) a claim for malicious prosecution arising under 42 U.S.C. § 1983, and (2) a claim for false arrest arising under 42 U.S.C. § 1983. (*Id.* ¶¶ 6–14.) The facts that Plaintiff included in his amended complaint are, in sum and substance, identical to the facts alleged in the original complaint.  (*Compare* Original Compl. *with* FAC.)  15 days after filing his amended complaint, Plaintiff filed a declaration in opposition to the City's motion. (*See* Decl. of Gary S. Fish, Esq., in Opp'n to Def. Fed. R. Civ. P. ("FRCP") 12(b) Mot. to Dismiss Compl. ("Fish Decl."), ECF No. 35.)  In this declaration, Plaintiff's counsel asserted that Plaintiff had filed his amended complaint pursuant to Federal Rule of Civil Procedure 15 and it therefore superseded the original complaint as a matter of law, thus mooting the City's motion to dismiss. (*Id.* ¶¶ 2–4.)

The City filed a letter reply to Plaintiff's amended complaint on April 8, 2020, arguing that the amended pleading was an improper response to the motion to dismiss.  (*See* Def. City's Apr. 8, 2020 Letter Reply in Resp. to Mot., ECF No. 36.)  The City requested, *inter alia*, that this Court reject the amended pleading.  (*Id.* at 3.)  Over one month later, Plaintiff responded, arguing that there was "no reason why [D]efense counsel could not have responded to [the] amended complaint," and that "[t]he amended complaint supercedes [sic] as a matter of law, the initial complaint." (Pl.'s May 20, 2020 Letter, ECF No. 38.)

---

[3] Approximately one week prior to filing his amended complaint, Plaintiff had attempted to file his amended complaint on February 28, 2020 in response to the City's motion.  (*See* Feb. 28, 2020 Am. Compl., ECF No. 32.)  Plaintiff, however, filed the pleading deficiently.

## II.    LEGAL STANDARD

### A.  Rule 12(b)(6) Motion to Dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[4]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013).  In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

---

[4] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## III.   THE MOTION TO DISMISS IS GRANTED

It is well settled that a municipality may be held liable under 42 U.S.C. § 1983 "for the violation of a person's civil rights only if the moving force behind that violation was an official policy or custom of the municipality." *Williams v. Town of Southington*, 205 F.3d 1327 (2d Cir. 2000) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–94 (1978)). Thus, to prevail on a Section 1983 claim against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). To be actionable, the policy must be both "deliberate" and a "moving force" behind the deprivation of the plaintiff's constitutional rights. *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff fails to plead facts in his original complaint sufficient to state a claim against the City under Section 1983. Even construing all facts in a light most favorable to Plaintiff, there is no indication that the actions allegedly taken by the unidentified officers were anything more than part of a single occurrence. Indeed, Plaintiff does not make any reference in his original complaint to *any* municipal, policy, custom, or practice. Because Plaintiff cannot make out this claim against a municipality and lists only unidentified individual defendants, Plaintiff's original complaint fails to state a claim against the city.[5]

---

[5] In light of this deficiency, this Court need not address Defendant's alternative arguments in favor of dismissing the original complaint, including whether this claim is time-barred or whether the termination of Plaintiff's state claim is considered a "favorable termination." (*See* Def.'s Mem. of Law in Supp. of its Mot. to Dismiss the Compl. Pursuant to Rule 12(b)(6) of the Fed. R. Civ. P. ("Mem. in Supp."), ECF No. 31 at 5–6, 14–15.)

## IV.    THE AMENDED COMPLAINT IS DISMISSED AS FUTILE

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), . . . whichever is earlier." Fed. R. Civ. P. 15. Plaintiff argues that "[s]ince [P]laintiff's First Amended Complaint as of Right was efiled herein, [t]he initial [c]omplaint was superceded [sic] as a matter of law, . . . [and] [a]ny foreseeable future defendant motion to dismiss[] must now be directed against [P]laintiff's First Amended Complaint." (Fish Decl. ¶ 4.) Plaintiff's amended complaint, however, is futile on its face. Plaintiff may not file a futile amended complaint—which does not cure the original complaint's deficiencies or address the arguments outlined in a motion to dismiss—simply in an attempt to moot a motion to dismiss.

With regard to the false arrest claim, Plaintiff's amended complaint does not amend—or even address—the majority of deficiencies that Defendants note in the motion to dismiss. Instead, Plaintiff simply restates his original allegations and supporting facts. (*Compare* Original Compl. ¶¶ 5–8 *with* FAC ¶¶ 6–12, 14.) Plaintiff's only attempt to amend this claim comes in the form of his conclusory allegation that the unidentified officers were acting "within the scope of their agency and/or authority and/or employment and/or a municipality implemented policy, statement, ordinance, regulation, and/or decision officially adopted by that body's officers," and that Defendants' arrest of Plaintiff "was part of a municipality implemented policy, custom, practice, [r]egulation and/or decision to arrest" certain individuals. (*See* FAC ¶¶ 3, 14.) This, however, does not cure this claim's deficiencies. Plaintiff does not identify any specific policy, custom or practice to which he is referring, and conclusory allegations  are not entitled to an assumption of truth. Plaintiff's apparent allegation that simply filing an amended complaint "as of right" is sufficient to

6

moot the motion to dismiss, (*see* Fish Decl. ¶ 4), is misguided. Because Plaintiff simply reasserts his deficient false arrest claim, he essentially has not responded to the motion to dismiss. The repeated false arrest claim in the amended complant is therefore dismissed.

The only substantive change to the complaint is the addition of a malicious prosecution claim. (*See* FAC ¶¶ 6–12.) This claim is futile on its face. As the City proactively addressed in its motion to dismiss, any claim for malicious prosecution would be time-barred under the statute of limitations. (*See* Mem. in Supp. at 7.) A party bringing a claim for a malicious prosecution must do so within three years of the date of the termination of the underlying criminal proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Pearl v. City of Long Beach*, 296 F.3d 76, 20 (2d Cir. 2002). Here, the parties agree that the underlying criminal action was terminated in November of 2016. (*See* FAC ¶ 8; Cert. of Disposition.) The statute of limitations therefore lapsed in November of 2019, *i.e.*, approximately four months before Plaintiff raised this claim.[6] Tellingly, Plaintiff did not make any attempt to overcome this issue in his amended complaint, despite the fact that (1) he was on notice of the City's objections to this claim, and (2) Plaintiff affirmatively noted this time limitation in his September 18, 2019 letter. (*See* Request to Am. at 1–2) Plaintiff's claim for malicious prosecution is therefore dismissed.

---

[6] Despite the fact that Plaintiff indicated in a September 18, 2019 letter motion that he was considering amending his complaint to include a claim for malicious prosecution, (*see* Request to Am. at 1–2), he did not do so within the statute of limitations. Plaintiff's indication that he *might* file a claim was not sufficient to toll the statute of limitations.

## V.    CONCLUSION

Defendant's motion to dismiss, (ECF No. 29), is GRANTED.  The Clerk of Court is directed to close the motion accordingly.  Plaintiff's Amended Complaint, (ECF No. 34), is DISMISSED as futile.

Dated: New York, New York          SO ORDERED.
      August 19, 2020

                                          George B. Daniels
                                          GEORGE B. DANIELS
                                          United States District Judge

8